UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                                                      CRIMINAL ACTION

VERSUS                                                                     NO. 14-41

DWYANE TILLMAN                                                SECTION "R" (2)

## **ORDER AND REASONS**

Before the Court is Defendant Dwyane Tillman's motion to vacate his sentence under 28 U.S.C. § 2255.[1] For the following reasons, the Court denies the motion.

On February 4, 2015, Tillman pleaded guilty to one count of possession with the intent to distribute 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. § 841.[2] The Court sentenced Tillman to 150 months imprisonment, a sentence below the applicable guidelines range.[3] Tillman did not file a direct appeal of his conviction or sentence. He now asks the Court to vacate his sentence.[4]

---

[1]   R. Doc. 53.
[2]   R. Doc. 6; R. Doc. 24.
[3]   R. Doc. 52 at 2.
[4]   R. Doc. 53.

Tillman first argues that the career offender enhancement in the advisory Sentencing Guidelines is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[5] But this argument is foreclosed by the Supreme Court's recent decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.* at 895.

Tillman further contends that his prior drug convictions are not categorically "controlled substance offenses" and should not have been considered predicate offenses for a career offender enhancement under the Sentencing Guidelines.[6] But this alleged sentencing error is not of constitutional magnitude.[7] *See United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) (explaining that the district court's technical application of a guideline is not a challenge of constitutional magnitude); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). A defendant may not

---

[5] R. Doc. 53 at 3-4; R. Doc. 56 at 14-15.
[6] R. Doc. 53 at 5.
[7] Even if Tillman had raised a constitutional issue, this claim would be procedurally barred because he did not object to the career offender determination in his presentence investigation report and did not appeal his conviction. Tillman has not shown cause for his procedural default, nor has he established actual prejudice. *See United States v. Shaid*, 937 F. 2d 228, 232 (5th Cir. 1991).

raise a nonconstitutional issue on collateral review under § 2255 unless the issue "could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981); *see also United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996). Tillman has made no showing that he could satisfy either of these criteria.

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2255 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

For the reasons set forth in this order, Tillman has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court DENIES Tillman's motion to vacate. Further, the Court DENIES as moot Tillman's motion for appointment of counsel[8] and his motion to supplement.[9] The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __22nd__ day of September, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[8] R. Doc. 55.
[9] R. Doc. 57.

4